# Ponceler *v.* Palace Livery Co.

## *Action for Negligent Killing of Horse.*

(Decided Nov. 25, 1908.  47 South. 702.)

*Livery Stable Keepers; Injury to Animals; Negligence.*—Under the complaint in this case it was a question for the court, sitting without a jury, to determine whether or not, under the evidence, defendant was guilty of negligence leading to a recovery; and, giving to the finding of the court the force and effect of a verdict of the jury, this court cannot say that the trial court erred in the verdict rendered.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by D. J. Ponceler against the Palace Livery Company. Judgment for defendant, and plaintiff appeals. Affirmed.

ALLEN & FORT, for appellant. The appellee was bailee for hire and reward and the duty was on him to acquit himself of negligence against the prima facie case

[Ponceler v. Palace Livery Co.]

made out by appellant.—*Higman v. Carnody*, 112 Ala. 267.

BOWMAN, HARSH & BEDDOW, for appellee. Counsel discuss assignments of error insisted on but without citation of authority.

SIMPSON, J.—This suit was brought by the appellant against the appellee to recover damages for injury to a horse of plaintiff's, causing its death, by negligence on the part of the defendant's servants in and about the care of said horse while same was in the custody and keeping of the defendant as a livery stable keeper.

The only count of the complaint is distinctly for negligence, alleging that defendant "by its agents or employes did negligently allow or cause said mare to be injured by being struck or falling, or receiving a blow, in some manner unknown to the plaintiff." The suit is not for breach of a contract, nor is there any allegation of any contract as to where or how the mare was to be kept. Consequently the plaintiff could not recover on the ground that it had been agreed that the mare should be kept in a box stall on the first floor, and that she was, in fact, kept in an open stall on the second floor. The substance of the evidence was that the stable boy in charge of the mare, after she had finished drinking,. raised his hand with a halter in it, and "shooed!" the mare to make her return to her stall, and that, in turning, she slipped on the cement floor and broke her thigh bone. It was a matter for the court, acting without a jury, to determine whether, under all the circumstances, this was negligence; and, giving to the decision of the court the force and effect of the verdict of a jury, we cannot say that the court erred in rendering judgment for the defendant.

The judgment of the court is affirmed.

TYSON, C. J., and ANDERSON and DENSON, JJ.,concur.